**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMY SHEPARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-1406-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the evaluation of Dr. Sankoorikal's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.    Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI alleging disability beginning May 1, 2009. (R. 12, 125-27). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the Administrative Law Judge (ALJ) erred in weighing the medical opinion of her treating specialist, Dr. Sankoorikal and erred in discussing the residual functional capacity (RFC) assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erred in weighing the medical opinion of Dr. Sankoorikal.  Because a new RFC assessment will be necessary after properly evaluating Dr. Sankoorikal's opinion on remand, the court will not address the other errors alleged in assessing RFC.  Plaintiff may make her arguments in that regard to the Commissioner on remand.

## II. Discussion

The Commissioner has promulgated a regulatory framework for weighing medical opinions based in large part upon a hierarchy of treatment, examination, or review of the medical records.  20 C.F.R. § 416.927.  A physician who has treated a patient frequently over an extended period of time (a treating source)[2] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular

---

[2]The regulations define three types of "acceptable medical sources:"
 "Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.
 "Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.
 "Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

4

weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003) (citing 20 C.F.R. § 416.927(d)(2)).  But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion."  Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. 416.927(d)(1), (2)); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

Dr. Sankoorikal began treating Plaintiff in January 2010 (R. 262-63), and his treatment records continue through January 2011.  (R. 373-82).  In October 2010 he completed a Medical Source Statement - Physical, in which he opined that Plaintiff was able to lift ten pounds frequently and fifteen pounds occasionally; to stand and/or walk thirty minutes continuously but only one hour in an 8-hour workday; to sit one hour continuously and four hours throughout a workday; could never stoop, kneel, crouch, or crawl; needs to lie down or recline at an unknown frequency and duration during an 8-hour workday to alleviate symptoms; and Plaintiff's pain, medication, or side effects cause a decrease in concentration, persistence, or pace.  (R. 370-71).  The ALJ accorded "little weight" to Dr. Sankoorikal's opinion because it "is inconsistent with the claimant's

5

testimony that she could stand for 30 minutes," and because the doctor's opinion that Plaintiff needs to lie down or recline to alleviate symptoms is inconsistent with Plaintiff's testimony that she only "needed to change position" because of pain. (R. 20).

Plaintiff argues that, contrary to the ALJ's findings, Dr. Sankoorikal's opinion is not inconsistent with her testimony because she testified that she can stand for one-half hour and Dr. Sankoorikal opined that she can stand for thirty minutes, and because the need to lie down or recline to alleviate pain is not necessarily inconsistent with the need to change positions to alleviate pain. The Commissioner argues on the other hand that the need to lie down to relieve pain is not the same as, and is inconsistent with, the need only to change positions to relieve pain. She acknowledges that, contrary to the ALJ's finding, Dr. Sankoorikal's opinion that Plaintiff may only stand for thirty minutes continuously is consistent with Plaintiff's testimony that she can only stand for only one-half hour, but argues that there were other inconsistencies between Dr. Sankoorikal's opinion and Plaintiff's testimony.

To the extent that the Commissioner seeks to have the court affirm the decision based upon inconsistencies other than those relied upon by the ALJ, the court may not do so. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson, 366 F.3d at 1084. A decision cannot be affirmed on the basis of appellate counsel's post-hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). And a reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment

6

is not apparent from the Commissioner's decision. <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005).

The allegedly inconsistent evidence cited by the Commissioner clearly was not relied upon by the ALJ to discount Dr. Sankoorikal's opinion. The ALJ stated that she discounted Dr. Sankoorikal's opinion because the opinion "is inconsistent with the claimant's testimony <u>that she could stand for 30 minutes</u>," and the need to lie down to alleviate pain is inconsistent with Plaintiff's testimony "only that she needed to change position." (R. 20). Thus, the ALJ did not discount Dr. Sankoorikal's opinion because it was inconsistent with Plaintiff's testimony in general, but because it was inconsistent with specific, named portions of that testimony. Therefore, the fact that there might be other inconsistencies was clearly not relied upon by the ALJ, and the court may not rely upon such post-hoc rationalizations to affirm the decision.

Moreover, one of the specific "inconsistencies" relied upon by the ALJ (Plaintiff's ability to stand for only thirty minutes) is admittedly not an inconsistency at all. Therefore, the decision to discount Dr. Sankoorikal's opinion rests entirely upon one basis--Dr. Sankoorikal's opinion that Plaintiff needs to lie down during the workday to alleviate pain is inconsistent with Plaintiff's testimony that she needs only to change position in order to alleviate pain. While it is true that Plaintiff's testimony in this regard is not identical to Dr. Sankoorikal's opinion, it is also true that the two propositions are not "inconsistent" to the extent that they are mutually exclusive. Nevertheless, the court

7

need not resolve this issue because even if these facts constitute an "inconsistency," in the circumstances of this case that is an insufficient basis to reject the treating source opinion.

As discussed above, a treating physician is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal, 331 F.3d at 762. Moreover, even if a treating source opinion is not given controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). And, "if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

The single "inconsistency" advanced here is too thin a reed to constitute a specific, legitimate reason to defeat the deference generally due a treating source opinion. Therefore, substantial evidence does not support the decision to accord only "little weight" to Dr. Sankoorikal's opinion Remand is necessary for the Commissioner to properly weigh Dr. Sankoorikal's medical opinion. If the opinion is discounted, the Commissioner must give specific, legitimate reasons based upon substantial record evidence.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 20th day of February 2014, at Kansas City, Kansas.

                                         s:/ John W. Lungstrum
                                         **John W. Lungstrum**
                                         **United States District Judge**